UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSHUA SMITH,
    *Plaintiff*,

v.

CAPTAIN PEREZ, et al.
    *Defendants.*

No. 3:19-cv-1758 (VAB)

**RULING ON MOTION FOR APPOINTMENT OF COUNSEL**

On November 7, 2019, the plaintiff, Joshua Smith, a *pro se* inmate in the custody of the Department of Correction ("DOC"), filed this civil rights Complaint[1] under 42 U.S.C. § 1983, alleging violation of his rights under the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Eighth Amendment to the United States Constitution. Compl., ECF No. 1 (Nov. 7, 2019).

In an initial review order, this Court held as plausible Mr. Smith's claims for damages based on violations of the Fourteenth Amendment Equal Protection Clause against Lieutenant Perez, Deputy Warden Snyder, Captain Brian Perez, and Counselor Supervisor Long; First Amendment retaliation against Captain Perez and Counselor Supervisor Long in their individual capacities; and the Eighth Amendment against Captain Perez, Counselor Supervisor Long, Warden Wright, and Deputy Supervisor Snyder in their individual capacities. Initial Review Order, ECF No. 9 (May 8, 2020).

---

[1] Mr. Smith is proceeding *in forma pauperis*. Order, ECF No. 7 (Nov. 21, 2019).

1

The Court now considers Mr. Smith's motion for appointment of counsel and **DENIES** without prejudice to renewal his motion.  Mot. for Appoint. of Counsel, ECF No. 3 (Nov. 7, 2019).

**I.      STANDARD OF REVIEW**

Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. *See Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68–69 (2d Cir. 2011) ("A party has no constitutionally guaranteed right to the assistance of counsel in a civil case." (citation omitted)). Rather, the decision to appoint *pro bono* counsel in a civil case is discretionary. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (district judges are afforded "broad discretion" in determining whether to appoint *pro bono* counsel for an indigent litigant in a civil case) (citation omitted); 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.") In addition, the Second Circuit has cautioned the district courts against routinely appointing *pro bono* counsel. *See, e.g., Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997); *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989).

In considering whether to appoint *pro bono* counsel for an indigent litigant, a district court must "first determine whether the indigent's position seems likely to be of substance." *See Hodge*, 802 F.2d at 61. "[E]even where the indigent [litigant's] claim is not frivolous, counsel is often unwarranted where the [litigant's] chances of success are extremely slim. *Cooper*, 877 F.2d at 171*; Carmona v. U.S. Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

If the movant satisfies the threshold requirement, the court must then consider the merits of his claims and determine whether his position "seems likely to be of substance. *Hodge,* 802 F.2d at 61. If the claims are sufficiently meritorious, the court should then consider other factors bearing on the need for appointment of counsel, including the movant's ability to investigate the factual issues of the case, whether conflicting evidence implicating the need for cross-examination will be the major proof presented, the movant's apparent ability to present the case, and the complexity of the legal issues involved. *Id.* at 61–62.

## II.     DISCUSSION

Mr. Smith allegedly has attempted to secure representation of counsel without success by contacting the law firms of Shipman & Goodwin, Cohen & Wolf, and Day Pitney, and the American Civil Liberties Union ("ACLU"). Mot. for Appoint. Counsel at 4. He allegedly requires the assistance of counsel because he is incarcerated individual, has limited education, legal knowledge and access to a law library, and has no access to witnesses. *Id.* at 5.

The Court recognizes the difficulty that Mr. Smith faces in pursuing his claims as an incarcerated individual who lacks legal experience and is proceeding without the representation of counsel. In determining whether an appointment of counsel is warranted, however, the Court must first consider whether his legal claim is "likely to be of substance." *See Hodge*, 802 F.2d at 61. At present, the Court cannot make this determination without further development of the record. After reviewing materials submitted later in connection with this action, the Court may be able to determine whether Mr. Smith's claims are of substance and merit an appointment of *pro bono* counsel.

The motion for appointment of counsel therefore is denied without prejudice to refiling at a time later in this action.

3

The Court advises Mr. Smith to continue his efforts to seek assistance from an attorney by contacting the Inmate Legal Aid Program, ILAP.[2] *See* State of Connecticut Department of Correction Administrative Directive 10.3[3] (providing that the Department of Correction "shall contract with a law firm/agency to provide legal assistance to inmates and inmate access to the civil judicial system."); *Jones v. Forbes*, No. 3:15-CV-613 (VAB), 2015 WL 6757523, at *1 (D. Conn. Nov. 5, 2015) ("The Department of Correction has afforded inmates access to legally trained persons through their contract first with Inmates' Legal Assistance Program, and now with the Inmate Legal Aid Program. . . . "). The scope of the services provided by ILAP includes rendering assistance "through advice, counsel and physical preparation of meaningful legal papers such as writs, complaints, motions and memorandum of law for claims having legal merit." Admin. Dir. 10.3(3). Although the attorneys at ILAP may not be able to represent Mr. Smith, they may be available to answer questions or provide instruction or assistance on how to conduct discovery, draft motions or draft memoranda in response to motions filed by the defendants.

### III.   CONCLUSION

For the foregoing reasons, the motion for appointment of counsel is **DENIED [ECF. No. 3]** without prejudice to filing another motion for appointment of counsel later in this case.

**SO ORDERED** at Bridgeport, Connecticut, this 9~~8~~th day of June, 2020.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[2] Attorneys at the Inmates' Legal Aid Program may be contacted at the following address and telephone number: Inmates' Legal Aid Program, Bansley Law Offices, LLC, 54 West Main Street, Mystic, CT 06355; Phone: (877) 294-7982 (toll free).

[3] Administrative Directive 10.3, Inmate Legal Assistance (effective November 18, 2015), may be found online at https://www.portal.ct.gov/DOC under Directives and Policies.